This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Respondent-appellants, Thomas Maurer, in his official capacity as Wayne County Sheriff, and the Ohio Adult Parole Authority appeal the decision of the Wayne County Court of Common Pleas, granting the habeas corpus petition of Michael W. McVay, petitioner-appellee. We reverse.
On January 23, 1997, Mr. McVay pleaded guilty to burglary, in violation of R.C. 2911.12, a felony of the third degree. He served his one year sentence and was subsequently placed on post-release control for a period of three years. Mr. McVay allegedly violated the terms of post-release control, and consequently, the Adult Parole Authority issued an "ORDER TO HOLD" Mr. McVay. Mr. McVay was incarcerated pursuant to that order. On January 14, 2000, Mr. McVay filed a petition for habeas corpus in the Wayne County Court of Common Pleas, claiming that he was unlawfully imprisoned, as Ohio's post-release control statute, R.C. 2967.28, violated the separation of powers doctrine and the Due Process Clauses of the United States and Ohio Constitutions. In a judgment entry journalized on January 27, 2000, the common pleas court, relying on two appellate court decisions available at that time, granted Mr. McVay's petition for habeas corpus and ordered that Mr. McVay be released from incarceration at the Wayne County Jail. This appeal followed.
Appellants assert one assignment of error:
 THE LOWER COURT ERRED WHEN IT HELD THAT OHIO REVISED CODE § 2967.28 VIOLATED THE UNITED STATES AND OHIO CONSTITUTIONS AND GRANTED MICHAEL McVAY A WRIT OF HABEAS CORPUS.
Appellants argue that the court below erred when it held that R.C.2967.28, Ohio's post-release control statute, violated the separation of powers of doctrine and the Due Process Clauses of the United States and Ohio Constitutions. We agree.
In Woods v. Telb (2000), 89 Ohio St.3d 504, paragraph one of the syllabus,[1] the Supreme Court recently held that "R.C. 2967.28 does not violate the separation of powers doctrine or the Due Process Clauses of the United States or Ohio Constitutions." Accordingly, appellants' assignment of error is sustained, and the decision of the Wayne County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
 ___________________________ WILLIAM G. BATCHELDER
SLABY, J., CARR, J., CONCUR
[1] The Supreme Court's decision in Woods v. Telb (2000),89 Ohio St.3d 504 had not yet been decided when the common pleas court granted petitioner's writ of habeas corpus.